FILED



2009 AUG 17 P 3: 53

## UNITED STATE DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br>1600 Aspen Commons,<br>Middleton, WI | )<br>)<br>)<br>) | CIVIL ACTION NO. |
| | ) | 3:09cv 1305(SRU) |
| Plaintiff, | ) | |
| | )<br>) | **309CV 1305 SRU** |
| v. | ) | |
| | ) | |
| COLUMBO'S, LLC<br>75 MAIN STREET<br>DANIELSON, CT 06239 | )<br>)<br>)<br>) | |
| | ) | |
| LAURIE LAFLAMME<br>21 POTVIN AVENUE<br>MOOSUP, CT 06354 | )<br>)<br>)<br>) | August 17, 2009 |
| | ) | |
| GARY JAWORSKI  .<br>1602 NORTH ROAD<br>DAYVILLE, CT 06241 | )<br>)<br>) | |
| | )<br>) | |
| Defendants | ) | |

## **PARTIES**

1.    At all times relevant to this matter, Capitol Specialty Insurance Corporation, was and is a corporate entity formed under the laws of the State of



Wisconsin, with its headquarters located at 1600 Aspen Commons, Middleton, Wisconsin.

2.     Capitol Specialty Insurance Corporation was and is engaged in the business of issuing policies of insurance in the State of Connecticut.

3.     At all times relevant to this matter, Columbo's, LLC, was a limited liability company, organized under the laws of the State of Connecticut, with its principal place of business in the Town of Killingly.

4.     At all times relevant to this matter, Columbo's, LLC, operated a bar located at 75 Main Street, Danielson, Connecticut.

5.     At all times relevant to this matter, Laurie LaFlamme, was and is a citizen of the State of Connecticut, with her principal place of residence in the Town of Plainfield, Connecticut. At the time of the alleged loss in this case Ms. LaFlamme was the permittee of Columbo's.

6.     At all relevant times, the plaintiff, Gary Jaworski, was and is a citizen of the State of Connecticut with his principal place of residence in the Town of Dayville, Connecticut.

## JURISDICTION

7.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332, as the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.), exclusive of interest and costs.

9.    Venue is properly made in this district pursuant to 28 U.S.C. Section 1391.

## ALLEGATIONS

10.    By Amended Complaint dated September 10, 2008, the plaintiff Jaworski, has brought an action in the Superior Court, Judicial District of Windham at Putnam against Laurie LaFlamme and Columbo's, LLC. (Docket # WWM-CV-08-5003272-S) (See Attached Exhibit A.). The Complaint in the above-referenced matter alleges that the named defendants are liable for serious and disabling injuries to Mr. Jaworski (including punitive damages) based upon and assault by individuals who had been patrons of the Columbo's Bar on the evening of July 22 and into July 23, 2006.

11.    Specifically, the underlying Complaint contains allegations by the plaintiffs that the defendants are liable for the plaintiff's injuries based upon:

a.    In Count One; negligently selling liquor to minors who then assaulted the plaintiff;

b.   In Count Two; negligently furnishing alcoholic liquor to individuals who the defendants knew or should have known were already intoxicated and who then assaulted the plaintiff;

c.   In Count Three; intentionally sold liquor to minors who then assaulted the plaintiff;

d.   In Count Four; intentionally sold liquor to individuals who the defendants knew or should have known were already intoxicated and who then assaulted the plaintiff;

e.   In Count Five; wantonly and recklessly sold liquor to minors who then assaulted the plaintiff;

f.   In Count Six; wantonly and recklessly sold liquor to individuals with a reckless indifference as to whether the individuals were already intoxicated and these individuals then assaulted the plaintiff;

g.   In Count Seven; the defendant LaFlamme sold alcoholic liquor to intoxicated minors, contrary to Conn. Gen. Stat., Section 30-86, who then assaulted the plaintiff;

h.   In Count Eight;  the defendant LaFlamme breached a duty to prevent the sale of alcoholic liquor to minors and these minors then assaulted the plaintiff;

i.   In Count Nine: sold alcoholic liquor to persons who subsequently injured the plaintiff when they assaulted him, all in violation of the Connecticut Dram Shop Act, C.G.S.. Section 30-10;

12.   On or prior to February 1, 2006, Capitol Specialty Insurance Corporation issued a policy of insurance, Policy No.: CS00318514, (hereinafter, "the policy"), affording certain coverage for Columbo's, LLC for the time period which includes July

22 & 23, 2006. The other named defendant in the underlying action brought by Mr. Jaworski is also an additional insured under that same policy.

13.    Representatives on behalf of the named defendants in the underlying action have made demand upon Capitol Specialty Insurance Corp. for indemnification and defense for those named defendants under "the policy", with regard to the above-referenced suit brought by Mr. Jaworski.

14.    'The policy', is what is commonly referred to as a general liability policy. This policy affords coverage for, among other things, bodily injury claims brought against the insureds, arising at the 75 Main Street, Danielson, Connecticut location, where the individuals who allegedly assaulted the plaintiff were allegedly served alcoholic liquor by the defendants agents.

15.    'The policy' contains exclusions to the coverage afforded by that policy, with regards to claims arising out of or related to any assault and/or battery.

16.    The "EXCLUSION – ASSAULT OR BATTERY" endorsement CGL 002 (12-00), (Exhibit B attached) explicitly states that the plaintiff has no duty to defend or indemnify the insureds for "any claim or suit" which arise out of or are related to any assault, battery, or harmful or offensive contact regardless of who commits the offending act.   This endorsement goes on to state that as to claims of negligence

excluded, "include[s] but is not limited to claims for negligent: Hiring, Employment, Training, Supervision, Retention, or Maintenance of premises."

17.    As set forth above, each and every count of the underlying Nine Count Complaint makes allegations that the plaintiff's physical injuries were caused by the assault by individuals upon Mr. Jaworski.

18.    The "TOTAL LIQUOR LIABILITY EXCLUSION" endorsement CGL 030 (03-96), (Exhibit C attached) sets forth that the Commercial General Liability Coverage afforded to the defendants in the underlying action is excluded if the claims of bodily injury relate to causing or contributing to intoxication of a person or the furnishing of alcoholic beverages to a person under the influence of alcohol. The endorsement, evidenced by Exhibit B, is applicable to each of the nine counts in the underlying Complaint, as each and every one of the nine counts alleges that agents of Columbo's and/or Ms. LaFlamme sold alcohol to the individuals who later assaulted the plaintiff, and that this service of alcohol either caused the individuals to become intoxicated or the service of alcohol was accomplished when these individuals were already under the influence of alcohol.

19.    In addition, the "TOTAL LIQUOR LIABILITY EXCLUSION" endorsement CGL 030 (03-96), (Exhibit C) sets forth that the Commercial General Liability

Coverage afforded to the defendants in the underlying action is excluded if the claims of bodily injury are based upon the furnishing of alcoholic beverages to a person under the legal drinking age and/or in violation of, "Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." These allegations are also set forth in the underlying complaint, as referenced in paragraph 11 above.

20.    Under the liquor liability portions of the policy issued by Capitol, there is endorsement CLQ 002 (01-98) "EXCLUSION-ASSAULT OR BATTERY". (Exhibit D attached). As can be seen from Exhibit D, it is nearly identical in its language to Exhibit B and excludes the same conduct which would be excluded under Exhibit B.

21.    The three endorsements evidenced in Exhibits B, C and D, exclude from coverage otherwise afforded under 'the policy', the claims made against Columbo's, LLC and Ms. LaFlamme brought by the plaintiff, Mr. Jaworski.

WHEREFORE, the plaintiff seeks a judgment from this Honorable Court, declaring the plaintiff owes no duty to defend or indemnify Columbo's, LLC and/or Laurie LaFlamme, for the claims made against them in the case of Jaworski v. Columbo's, LLC and Laurie LaFlamme, cited above and for such other equitable relief as the Court may deem appropriate.

THE PLAINTIFF, CAPITOL SPECIALTY
INSURANCE CORPORATION

By: _____

Royce L. Vehslage, Esq.
Vehslage & Lahr, LLP
1160 Silas Deane Hwy.
Suite 202
Wethersfield, CT 06109
Phone: 860-257-7100
Fax:    860-257-7104
Rvehslage@vllawgroup.com
Federal Bar No:  18006

# EXHIBIT A

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO 101898    (860) 928-0481

DOCKET NO: CV08-5003272   :   SUPERIOR COURT

GARY JAWORSKI   :   JUDICIAL DISTRICT OF

VS.   :   WINDHAM
      AT PUTNAM

COLUMBO'S LLC, ET AL.   :   SEPTEMBER 10, 2008

## AMENDED COMPLAINT

### COUNT ONE

1. The plaintiff Gary Jaworski is an individual who resides at 1602 North Road, Dayville, Connecticut 06241.

2. At all times mentioned herein, the defendant Columbo's LLC is a Connecticut limited liability company which is the backer of a bar known as Columbo's LLC with a place of business at 75 Main Street, Danielson Connecticut 06239.

3. At all times mentioned herein, the defendant Laurie A. LaFlamme is the permittee of Columbo's LLC.

4. Between the approximate hours of 9:00 pm and 12:00 midnight on July 22, 2006 into July 23, 2006, individuals including Joseph Delcastillo, Matthew Craig and Jantany Santiago (hereinafter individuals) were sold alcoholic liquor while they were they were patrons at Columbo's LLC.

1

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0461

5. On that date, the individuals listed above were under the age of twenty-one years and were minors pursuant to Section 30-1(12) of the Connecticut General Statutes known as the Liquor Control Act.

6. On that date, the backer and/or permittee, either directly or through their servants, agents or employees, sold alcoholic liquor to the minors Joseph Delcastillo, Matthew Craig and Jantany Santiago and as a result said individuals became intoxicated and/or impaired by the consumption of alcohol.

7. On that date, the backer and/or permittee, either directly or through their servants, agents or employees, sold alcoholic liquor to the minors Joseph Delcastillo, Matthew Craig and Jantany Santiago while they were intoxicated.

8. On July 23, 2006 at approximately 12:15 am, the plaintiff was walking down Water Street in Danielson.

9. The individuals, after having been sold alcoholic liquor by the defendants, and/or their agents, servants or employees, left the bar and then suddenly and without warning surrounded the plaintiff and proceeded to kick, punch and push the plaintiff to the ground severely injuring him.

10. As a result of the negligence and carelessness of the defendants and subsequent assault, the plaintiff sustained the following injuries and damages, for which he

2

02/02/2009 03:27 PM D82CC_6154

received treatment on the scene from KB Ambulance personnel, and also received emergency care and treatment at Day Kimball Hospital and the University of Massachusetts Memorial Medical Center:

a.    a fracture and crush injury to the jaw;
b.    fractured teeth;
c.    facial pain and swelling;
d.    hematoma and contusions to the face;
e.    open wound to the forehead;
f.    open wound to the chin;
g.    scarring of forehead;
h.    scarring of chin;
i.    multiple facial lacerations;
j.    a lacerated knee;
k.    lower back pain;
l.    hip pain;
m.    contusions of upper chest;
n.    abrasions on both hands and elbows;
o.    swelling around both eyes.

11. As a further result of the negligence and carelessness of the defendant and the subsequent assault, the plaintiff was forced to expend considerable sums for ambulance service, hospital care, x-rays, medicines and medical care, and he will be obliged to expend further sums for such items and other related items in the future all to his special loss and damage.

12. As a further result of the negligence and carelessness of the defendants and the subsequent assault of the plaintiff, the plaintiff was unable to carry on the

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101298    (860) 928-0481

3

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898   (860) 928-0481

duties of his employment and may have sustained an impairment to his earning capacity.

13. The plaintiff's injuries and losses were proximately caused by the negligence and carelessness of the defendants Laurie A. LaFlamme and Columbo's LLC in that they furnished, or caused to be furnished, alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jatany Santiago when they knew or should have known they were under the age of twenty one and, therefore, minors under the Liquor Control Act, Connecticut General Statute §30-1(12).

## COUNT TWO

1. Paragraphs 1-12 of the First Count are hereby incorporated and made Paragraphs 1-12 of the Second Count as if fully set forth herein.

13. The plaintiff's injuries and losses were proximately caused by the negligence and carelessness of the defendants Laurie A. LaFlamme and Columbo's LLC in that they furnished, or caused to be furnished, alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jatany Santiago when they knew or should have known that these individuals were intoxicated.

4

02/02/2009 03:27 PM D82CC_6154

## COUNT THREE

1. Paragraphs 1-9 of the First Count are hereby incorporated and made Paragraphs 1-9 of the Third Count as if fully set forth herein.

10. As a result of the intentional conduct of the defendants in serving alcoholic liquor to the individuals who were minors and the subsequent assault, the plaintiff sustained the following injuries and damages, for which he received treatment on the scene from KB Ambulance personnel, and also received emergency care and treatment at Day Kimball Hospital and the University of Massachusetts Memorial Medical Center:

   a.    a fracture and crush injury to the jaw;
   b.    fractured teeth;
   c.    facial pain and swelling;
   d.    hematoma and contusions to the face;
   e.    open wound to the forehead;
   f.    open wound to the chin;
   g.    scarring of forehead;
   h.    scarring of chin;
   i.    multiple facial lacerations;
   j.    a lacerated knee;
   k.    lower back pain;
   l.    hip pain;
   m.    contusions of upper chest;
   n.    abrasions on both hands and elbows;
   o.    swelling around both eyes.

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

5

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

11. As a further result of the intentional conduct of the defendants in serving alcoholic liquor to minors and the subsequent assault, the plaintiff was forced to expend considerable sums for ambulance service, hospital care, x-rays, medicines and medical care, and he will be obliged to expend further sums for such items and other related items in the future all to his special loss and damage.

12. As a further result of the intentional conduct of the defendants in serving alcoholic liquor to minors and the subsequent assault of the plaintiff, the plaintiff was unable to carry on the duties of his employment and may have sustained an impairment to his earning capacity.

13. The plaintiff's injuries and losses were proximately caused by the intentional conduct of the defendants Laurie A. LaFlamme and Columbo's LLC in that they furnished, or caused to be furnished, alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jatany Santiago when they knew or should have known they were under the age of twenty one and, therefore, minors under the Liquor Control Act, Connecticut General Statute §30-1(12).

6

02/02/2009 03:27 PM D82CC_6154

## COUNT FOUR

1. Paragraphs 1 – 12 of the Third Count are hereby incorporated and made Paragraphs 1 – 12 of the Fourth count as if fully set forth herein.

13. The plaintiff's injuries and losses were proximately caused by the intentional conduct of the defendant, Laurie A. LaFlamme and Columbo's LLC, in that they intentionally served or permitted their agents, servants or employees to serve alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jantany Santiago who were intoxicated at the time.

## COUNT FIVE

1. Paragraphs 1-9 of the First Count are hereby incorporated and made Paragraphs 1-9 of the Fifth Count as if fully set forth herein.

10. As a result of the wanton and reckless conduct of the defendants and subsequent assault, the plaintiff sustained the following injuries and damages, for which he received treatment on the scene from KB Ambulance personnel,

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO 101894    (860) 928-0481

7

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 920-0461

and also received emergency care and treatment at Day Kimball Hospital and

the University of Massachusetts Memorial Medical Center:

a.      a fracture and crush injury to the jaw;
b.      fractured teeth;
c.      facial pain and swelling;
d.      hematoma and contusions to the face;
e.      open wound to the forehead;
f.      open wound to the chin;
g.      scarring of forehead;
h.      scarring of chin;
i.      multiple facial lacerations;
j.      a lacerated knee;
k.      lower back pain;
l.      hip pain;
m.      contusions of upper chest;
n.      abrasions on both hands and elbows;
o.      swelling around both eyes.

11. As a further result of the wanton and reckless conduct of the defendant and the subsequent assault, the plaintiff was forced to expend considerable sums for ambulance service, hospital care, x-rays, medicines and medical care, and he will be obliged to expend further sums for such items and other related items in the future all to his special loss and damage.

12. As a further result of the wanton and reckless conduct of the defendants and the subsequent assault of the plaintiff, the plaintiff was unable to carry on the

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

duties of his employment and may have sustained an impairment to his earning capacity.

13. The plaintiff's injuries and losses were proximately caused by the wanton and reckless conduct of the defendants, Laurie A. LaFlamme and Columbo's LLC, in serving or causing to be served alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jantany Santiago with a reckless indifference as to whether they were minors under the Liquor Control Act, Connecticut General Statute §30-1(12).

## COUNT SIX

1. Paragraphs 1-12 of the Fifth Count are hereby incorporated and made Paragraphs 1-12 of the Sixth Count as if fully set forth herein.

13. The plaintiff's injuries and losses were proximately caused by the wanton and reckless conduct of the defendants, Laurie A. LaFlamme and Columbo's LLC, in that they furnished or caused to be furnished alcoholic liquor to Joseph Delcastillo, Matthew Craig and Jantany Santiago with a reckless indifference as to whether they were intoxicated.

9

**02/02/2009 03:27 PM D82CC_6154**

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550 PUTNAM, CT 06260-0550
JURIS NO. 101399    (860) 928-0481

## COUNT SEVEN

1.  Paragraphs 1 – 12 of the First Count are hereby incorporated and made Paragraphs 1- 12 of the Seventh Count as more fully set forth herein.

13.  The defendants backer and/or permittee either directly or through their servants, agents or employees sold alcohol to the minors, Joseph Delcastillo, Matthew Craig and Jataney Santiago.

14.  The defendant backer and/or permittee either directly or through their servants, agents or employees sold alcoholic liquor to the minors Joseph Delcastillo, Matthew Craig and Jataney Santiago in violation of Conn. Gen. Stat. § 30-86.

15.  The defendant backer and/or permittee either directly or through their servants, agents or employees sold alcoholic liquor to the minors Joseph Delcastillo, Matthew Craig and Jantany Santiago while they were intoxicated in violation of Conn. Gen. Stat. § 30-86.

10

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO 101898    (860) 928-0481

16.   These violations of Conn. Gen. Stat. § 30-86 by the defendants were the proximate cause of the injuries and damages suffered by the plaintiff.

17.   As a result of the defendants' violations of Conn. Gen. Stat. § 30-86 sustained the following injuries and damages, for which he received treatment on the scene from KB Ambulance personnel, and also received emergency care and treatment at Day Kimball Hospital and the University of Massachusetts Memorial Medical Center:

a.   a fracture and crush injury to the jaw;
b.   fractured teeth;
c.   facial pain and swelling;
d.   hematoma and contusions to the face;
e.   open wound to the forehead;
f.   open wound to the chin;
g.   scarring of forehead;
h.   scarring of chin;
i.   multiple facial lacerations;
j.   a lacerated knee;
k.   lower back pain;
l.   hip pain;
m.   contusions of upper chest;
n.   abrasions on both hands and elbows;
o.   swelling around both eyes.

18.   As a further result of the assault and the violation of Conn. Gen. Stat. Sec. 30-86, the plaintiff was forced to expend considerable sums for ambulance service, hospital care, x-rays, medicines and medical care, and he will be obliged to expend

11

02/02/2009 03:27 PM D82CC_6154

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

further sums for such items or related items in the future all to his special loss and damage.

19. As a further result of the assault and the defendants' violation of Conn. Gen. Stat. § 30-86, the plaintiff was unable to carry on the duties of his employment and may have sustained an impairment to his earning capacity.

20. The assault and the plaintiff's injuries and losses were in consequence of the defendants' violation of Conn. Gen. Stat. § 30-86 and the plaintiff seeks to recover damages for such injuries and losses.

## COUNT EIGHT

1. Paragraphs 1 – 12  of the First Count are hereby incorporated by reference as Paragraphs 1- 12 of the Eighth Count

13. The permittee of an establishment has the affirmative duty to prevent the service of alcoholic liquor to minors.

14. The permittee of Columbo's LLC through her agents, servants and/or employees, breached this duty by serving alcoholic liquor to minors Joseph Delcastillo, Jatany Santiago and Matthew Craig.

12

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

15. The permittee of Columbo's LLC throught her agents, servants and/or employees breached this duty by serving alcoholic liquor to Joseph Delcatillo, Matthew Craig, and Jatany Santiago when they were intoxicated.

16. As a direct and proximate result of the breach of one or both of these duties, the plaintiff sustained the injuries, damages and losses as described in Count One of this complaint.

## COUNT NINE

1.--9. Paragraphs 1 – 9    of the First Count are hereby incorporated by reference as Paragraphs 1- 9 of the Ninth Count.

10. The individuals herein referenced in the complaint injured the person of the plaintiff after being sold alcoholic liquor by the defendants and as a result of said intoxication.

11. These violations of Conn. Gen. Stat. § 30-102 by the defendants were the proximate cause of the injuries and damages suffered by the plaintiff.

17. As a result of the defendants' violations of Conn. Gen. Stat. § 30-102 sustained the following injuries and damages, for which he received treatment on the scene from KB Ambulance personnel, and also received emergency care and treatment

02/02/2009 03:27 PM D82CC_6154

at Day Kimball Hospital and the University of Massachusetts Memorial Medical Center:

a.  a fracture and crush injury to the jaw;
b.  fractured teeth;
c.  facial pain and swelling;
d.  hematoma and contusions to the face;
e.  open wound to the forehead;
f.  open wound to the chin;
g.  scarring of forehead;
h.  scarring of chin;
i.  multiple facial lacerations;
j.  a lacerated knee;
k.  lower back pain;
l.  hip pain;
m.  contusions of upper chest;
n.  abrasions on both hands and elbows;
o.  swelling around both eyes.

18.  As a further result of the assault and the violation of Conn. Gen. Stat. Sec. 30-102, the plaintiff was forced to expend considerable sums for ambulance service, hospital care, x-rays, medicines and medical care, and he will be obliged to expend further sums for such items or related items in the future all to his special loss and damage.

19.  As a further result of the assault and the defendants' violation of Conn. Gen. Stat. § 30-102, the plaintiff was unable to carry on the duties of his employment and may have sustained an impairment to his earning capacity.

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

02/02/2009 03:27 PM D82CC_6154

14

20.    The assault and the plaintiff's injuries and losses were in consequence of the defendants' violation of Conn. Gen. Stat. § 30-102 and the plaintiff seeks to recover damages for such injuries and losses.

21.    The plaintiff has given written notice to the defendants of the plaintiff's intention to bring an action under Connecticut General Statute § 30-102. See Dram Shop Notice, attached hereto as Exhibit A.

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

15

02/02/2009 03:27 PM D82CC_6154

WHEREFORE, the plaintiff claims:

1. Monetary damages;

2. Damages pursuant to Conn. Gen. Stat. § 30-102;

3. Costs;

4. Punitive damages;

5. Attorneys' fees; and

6. Any and all such other remedies which the court deems reasonable.

Respectfully submitted,
THE PLAINTIFF

By: Mark R. Brouillard, of
St. Onge & Brouillard, his attorneys
50 Route 171
Woodstock CT 06281
(860) 928-0481
Juris No. 101898

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

02/02/2009 03:27 PM D82CC_6154

16

ST. ONGE & BROUILLARD
ATTORNEYS AT LAW
POST OFFICE BOX 550, PUTNAM, CT 06260-0550
JURIS NO. 101898    (860) 928-0481

DOCKET NO: CV08-5003272    :    SUPERIOR COURT

GARY JAWORSKI    :    JUDICIAL DISTRICT OF
                          WINDHAM

VS.    :    AT PUTNAM

COLUMBO'S LLC, ET AL    :    SEPTEMBER 10, 2008

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is fifteen thousand dollars ($15,000.00) or more, exclusive of interest and costs. The remedy sought is not based upon an express or implied promise to pay a definite sum.

Respectfully submitted,
THE PLAINTIFF

By: Mark R. Brouillard, of
St. Onge & Brouillard, his Attorneys
50 Route 171
Woodstock, CT 06281
(860) 928-0481
Juris No. 101898

17

02/02/2009 03:27 PM D82CC_6154

EXHIBIT A

## NOTICE UNDER DRAM SHOP ACT

TO:  Laurie A. LaFlamme
Permittee
Columbo's LLC
75 Main Street
Danielson, CT 06239

Home Address:
21 Potvin Avenue
Moosup, CT 06354
Mailing Address:
P.O. Box 38
Dayville, CT 06241

**TAKE NOTICE**, pursuant to applicable Connecticut law including Section 30-102 of the Connecticut General Statutes of the intention of **GARY JAWORSKI** to bring an action pursuant thereto because of the damage and injury to his person sustained by reason of the sale of alcoholic beverage to intoxicated persons.

Time of Sale: The hours of July 23, 2006 between 9:00 P.M. and 12:15 A.M. on July 24, 2006 at Columbo's LLC, 75 Main Street, Danielson, CT

Date of Sale: July 23, 2006 and July 24, 2006.

Persons to Whom Sale Was Made:
Jantany Santiago
Matthew Craig
Joseph Delcastillo

Person Suffering Injury and Damage:
Gary Jaworski
196 Darby Road – Apt. 3
Brooklyn, CT 06234

Time, Place and Date Where Injury and Damage Occurred:
Approximately 12:15 A.M. on July 24, 2006, at the parking lot located behind Columbo's, LLC, 75 Main Street, Danielson, CT

Dated at Woodstock, Connecticut this ___ day of November, 2006.

Mark R. Brouillard,
50 Rt. 171
Woodstock, CT 06281
Attorney for Gary Jaworski

02/02/2009 03:27 PM D82CC_6154

STATE OF CONNECTICUT )
                     )        SS. KILLINGLY, NOVEMBER 22, 2006
COUNTY OF WINDHAM    )


RE: GARY JAWORSKI VS. COLUMBO'S LLC


Then and there by virtue hereof, on the 21ˢᵗ day of November, 2006, in the Town of Killingly, County of Windham, I left with and in the hands of the within named person, Laurie A. LaFlamme, Permittee, Columbo's LLC at 75 Main St., Danielson, CT 06239 a true and attested copy of the within original Notice of Under Dram Shop Act with my endorsement thereon.


The within and foregoing is the original Notice of Under Dram Shop Act with my doings hereon endorsed.


ATTEST:   November 22, 2006


Arthur P. Johnston
State Marshal
State of Connecticut


**02/02/2009 03:27 PM D82CC_6154**

# EXHIBIT B

**Capitol Specialty Insurance Corp**
P.O. Box 5900
Madison, WI 53705

THIS FORM CHANGES THE POLICY.  PLEASE READ THIS FORM.

# EXCLUSION - ASSAULT OR BATTERY

This form changes the policy terms as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## PRODUCTS/COMPLETED OPERATIONS COVERAGE PART

We have no duty to defend or indemnify any insured or any other person against any claim or <u>suit</u> for <u>bodily injury</u>, <u>property damage</u>, or <u>personal and advertising injury</u>, including claims or suits for <u>negligence</u> arising out of or related to any:

  1.     Assault;

  2.     Battery;

  3.     Harmful or offensive contact; or

  4.     Threat;

whether committed by a patron, employee, or any other individual.

This exclusion applies regardless of fault or intent.  Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

For purposes of this exclusion, <u>negligence</u> includes but is not limited to claims for negligent:

  1.     Hiring;

  2.     Employment;

  3.     Training;

  4.     Supervision;

  5.     Retention; or

  6.     Maintenance of premises.

Words or terms underlined in this form have special meaning and are defined in the policy or in this form.

CGL 002 (12-00)

# EXHIBIT C

**Capitol Specialty Insur‍ce Corp**
P.O. Box 5900
Madison, WI  53705

THIS FORM CHANGES THE POLICY.  PLEASE READ THIS FORM.

# TOTAL LIQUOR LIABILITY EXCLUSION

This form changes the policy terms as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **c.** of **COVERAGE A (Section I)** is replaced by:

c.    Bodily injury or property damage for which any insured may be held liable by reason of:

    1.    Causing or contributing to the intoxication of any person;

    2.    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;  or

    3.    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

**Words or terms underlined in this form have special meaning and are defined in the policy or in this form.**

CGL 030 (03-96

# EXHIBIT D

**Capitol Specialty Insurance Corp**
P.O. Box 5900
Madison, WI 53705

THIS FORM CHANGES THE POLICY. PLEASE READ THIS FORM.

# EXCLUSION - ASSAULT OR BATTERY

This form changes the policy terms as follows:

**COMMERCIAL LIQUOR LIABILITY COVERAGE PART**

We have no duty to defend or indemnify any insured or any other person against any claim or <u>suit</u> for <u>bodily injury</u>, <u>property damage</u>, <u>personal injury</u> or <u>advertising injury</u>, including claims or suits for <u>negligence</u> arising out of or related to any:

    1.    Assault;

    2.    Battery;

    3.    Harmful or offensive contact; or

    4.    Threat.

This exclusion applies regardless of fault or intent. Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

For purposes of this exclusion, <u>negligence</u> includes but is not limited to claims for negligent:

    1.    Hiring;

    2.    Employment;

    3.    Training;

    4.    Supervision; or

    5.    Retention.

**Words or terms underlined in this form have special meaning and are defined in the policy or in this form.**

CLQ 002 (01-98)